## CHARLESTON.

JOSEPH B. DAVIS *v*. HARRY PANETTA

(No. 5799)

Submitted March 15, 1927.   Decided March 22, 1927.

APPEAL AND ERROR—*Submitting Pure Questions of Law to Jury is Not Cause for Reversal on Clear Showing of no Prejudice; in Action to Recover Value of Bond Certificate, Submitting to Jury Question Whether Certificate Was Negotiable Was Not Cause for Reversal.*

> While it is generally error to submit pure questions of law to the jury, still such error does not call for reversal if it is clearly apparent that it has worked no prejudice to the party complaining.

> (Appeal and Error, 4 C. J. § 3010; Trial, 38 Cyc. pp. 1511, 1530.)

> (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Harrison County.

Trespass on the case by Joseph B. Davis against Harry Panetta. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Biagio Merendino* and *Steptoe, Maxwell & Johnson,* for plaintiff in error.

*A. M. Cantrall* and *W. G. Stathers,* for defendant in error.

LITZ, JUDGE:

This is an action of trespass on the case to recover the value of a certificate for a $1,000 French Government bond belonging to the plaintiff. To the judgment of the circuit court, entered upon a verdict for $951.80 in favor of plaintiff, the defendant prosecutes this writ of error.

The certificate in question was stolen from the safe of the plaintiff in his office at Ursina, Somerset county, Pennsylvania; and afterwards sold by the defendant through the Empire National Bank of Clarksburg, West Virginia. The only defense offered by the defendant was that he bought the certificate in Clarksburg ''of a man who stopped at his hotel for about four days'', without stating what, if anything, he gave for the instrument, or the circumstances of the alleged purchase. Witnesses for the plaintiff testified to a statement, made by the defendant prior to the trial, that he had purchased the paper in Pittsburgh, Pennsylvania.

The defendant complains of two instructions granted at the instance of the plaintiff on the ground that they submitted to the jury the issue of whether or not the certificate was negotiable, a question of law which should have been determined by the court. ''While it is generally error to submit pure questions of law to the jury, still such error does not call for reversal, if it is clearly apparent that it has worked no prejudice to the party complaining.'' *Runnion* v. *Morrison*, 71 W. Va. 254. As the defendant did not offer appreciable evidence tending to show that he was a purchaser of the stolen instrument for value without notice, it would have been proper to grant a peremptory instruction in favor of the plaintiff. *Maryland Finance Corporation* v. *Peoples Bank of Keyser*, 99 W. Va. 230; *Merchants Bank & Trust Company* v. *Peoples Bank of Keyser*, 99 W. Va. 544. The defendant was therefore not injured by the instructions complained of.

The judgment of the circuit court is, therefore, affirmed.

*Affirmed.*